THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE GUARDIANSHIP & CONSERVATORSHIP OF BURKE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE GUARDIANSHIP & CONSERVATORSHIP OF MICHAEL E. BURKE, AN INCAPACITATED PERSON.
JAMES R. WALZ, FORMER GUARDIAN AND CONSERVATOR, APPELLANT,
V.
SECRETARY OF VETERANS AFFAIRS, U.S. DEPARTMENT OF
VETERANS AFFAIRS, INTERESTED PARTY, APPELLEE.

Filed September 15, 2015.    No. A-14-938.

Appeal from the County Court for Douglas County: MARCENA M. HENDRIX, Judge. Appeal dismissed.

James R. Walz, of Walz Law Offices, P.C., L.L.O., pro se.

Daniel H. Bowers, pro hac vice, and Paul L. Pullum for appellee.

IRWIN, INBODY, and RIEDMANN, Judges.

IRWIN, Judge.

I. INTRODUCTION

James P. Walz, former guardian and conservator for Michael E. Burke, appeals an order of the county court for Douglas County, Nebraska, setting aside a previous award of fees and expenses on the motion of the U.S. Department of Veterans Affairs (the Department), an interested party. On appeal, Walz asserts that the previous award was a final order and that the Department's motion seeking reconsideration of the award was untimely. Walz also asserts that the court erred in setting aside the previous award. We find that the previous award was not a final and appealable order and we find that Walz has not presented a record on appeal to demonstrate that the order appealed from is final and appealable. We conclude that we are without jurisdiction because of the lack of a final and appealable order, and we dismiss the appeal.

## II. BACKGROUND

We initially note that Walz did not request the preparation of any bill of exceptions in this case. As such, our review of the matter is limited to a review of the parties' briefs and the transcript presented by Walz.

At some point in time Walz was appointed as the guardian and conservator for Burke. The initial letters of appointment have not been presented to us, but a filing in the transcript suggests that the appointment was in September 2009.

On January 9, 2012, Walz filed a petition in which he asked the county court to terminate his appointment as guardian and conservator, to discharge him from his duties upon approval of a final accounting, and to appoint a successor. On February 17, Walz filed a motion seeking attorney fees related to the preparation of the petition for termination.

On February 27, 2012, the county court entered an order in which it found that there was a sufficient basis for termination of Walz as the guardian and conservator and appointing a successor guardian and conservator. In that order, the court specifically noted that Walz had not yet filed his "final accounting" and specifically noted that Walz was not discharged from his duties and that his bond was not exonerated until a final accounting was filed and approved.

On May 18, 2012, Walz filed an application for approval of "annual accounting" and fees. Walz requested approval of his "annual accounting" and requested guardian and conservator fees in the amount of $2,015.44 and attorney fees in the amount of $702. Walz also submitted an affidavit in support of his request and an itemization of fees and expenses incurred between November 2010 and October 2011.

On June 25, 2012, the county court entered an order "approving annual accounting and fees." The court found that the accounting "for the period from November 7, 2010, to November 6, 2011 has been considered by the Court" and that "said accounting is true and correct." The court further found that Walz had adduced sufficient evidence to support fees in the amount equal to 7.5 percent of the annual income of the protected person, additional guardian and conservator fees in the amount of $2,015.44, and additional attorney fees in the amount of $702. The court ordered payment of the fees.

On December 11, 2013, the Department filed an amended motion to reconsider the award of guardian and conservator fees. In the motion, the Department alleged that the accounting Walz submitted to the Department prior to the hearing on his May 2012 application for annual accounting and fees included only his request for approval of 7.5 percent of the annual income of the protected person, an amount presumptively considered appropriate for guardian and conservator fees in the local area concerning wards who receive services from the Department (the 7.5 percent fee). The Department alleged that Walz had provided no notice that he was seeking additional fees, which additional fees the Department would not have approved "absent a showing of extraordinary circumstances." The Department alleged that because Walz had submitted an accounting to the Department reflecting only the 7.5 percent fee, the Department approved of the proposed accounting. The Department alleged that it was made aware subsequent to the entry of the June 25, 2012, county court order approving additional fees that Walz had been paid $2,717.44 in additional fees. The Department objected to the payment of the additional fees and requested

the court set aside and reconsider its June 25, 2012, order and thereafter determine what amount in excess of the 7.5 percent fee may be reasonable and appropriate.

On September 12, 2014, the county court entered an order granting the Department's motion. The court indicated in its order that a hearing had been held on July 8, that evidence had been adduced at that hearing, and that based on that evidence the June 2012 order was set aside and the approval of fees in excess of the 7.5 percent fee was vacated.

This appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Walz has assigned error to the county court's granting of the motion to reconsider and the court's setting aside of the approval of fees in excess of the 7.5 percent fee.

## IV. ANALYSIS

### 1. FINALITY OF JUNE 2012 ORDER

Walz first asserts that the June 2012 order of the county court approving annual accounting and guardian and attorney fees was a final and appealable order and that, as such, the Department could not seek reconsideration of the court's ruling in December 2013, outside the term in which the order was entered. We find that the record presented to us does not support a conclusion that the June 2012 order was a final order.

Both parties point to our decision in *In re Guardianship and Conservatorship of Forster*, 22 Neb. App. 478, 856 N.W.2d 134 (2014), as illustrative on this issue. In *Forster*, we had occasion to address whether several orders approving fees for a series of successor guardians were final and appealable.

In *Forster*, there had been a series of successive guardians appointed and removed. Among the series of guardians was Hytrek, who had served as the guardian from September 6, 2011, to September 30, 2011. Hytrek was awarded fees for her service as guardian in December 2011. Another person served as guardian after Hytrek and until December 2011, when Milone was appointed to serve. Milone served as the guardian through the time of the ward's death in August 2012. Milone was awarded fees for his service as guardian in March 2012 and again in April 2012, as well as subsequent to the ward's death.

On appeal from the order approving the final accounting and award of fees subsequent to the ward's death, the fees awarded to Hytrek in December 2011 and the fees awarded to Milone in March and April 2012 were among the rulings challenged by appellant. We addressed whether these fees were properly challenged in the appeal, the orders approving them having been entered more than 30 days prior to the filing of the notice of appeal, and we considered whether the orders approving the fees had been final and appealable pursuant to Neb. Rev. Stat. § 25-1902 (Reissue 2008). *In re Guardianship of Forster, supra*.

Under § 25-1902, the three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered. *In re Guardianship of Forster, supra*.

We noted that the orders approving the fees were entered in a special proceeding because they were entered pursuant to the Nebraska Probate Code. *Id.* We then concluded that the order awarding fees to Hytrek had "finally determined [her] claims for fees and the amount of compensation payable to [her] from the estate." *Id.* at 490, 856 N.W.2d at 146. The order awarding fees to Hytrek was a final determination and not subject to later revision, as Hytrek's services in the case were complete at the time the orders were entered. *In re Guardianship of Forster, supra.*

We concluded that the orders awarding fees to Milone, on the other hand, did not finally determine his claim for reasonable compensation for his service. *Id.* Milone's services were still ongoing at the time the fees in question were awarded to him, and his requests for fees set forth the specific time period of services for which he was seeking compensation. *Id.* As a result, we concluded that the March and April 2012 orders awarding him fees were not final and appealable until the court had entered its final order terminating the guardianship and discharging him from his duties. *Id.*

Similarly, in *In re Estate of Gsantner*, 288 Neb. 222, 846 N.W.2d 646 (2014), the Nebraska Supreme Court addressed the finality and appealability of an order awarding fees to a personal representative. In that case, the county court had entered two different orders awarding fees to the personal representative. The first order awarded a "partial fee" of $17,500. *Id.* at 224, 846 N.W.2d at 650. The second awarded the personal representative $25,000 as compensation for the 400 hours that the personal representative expended on behalf of the estate. *In re Estate of Gsantner, supra.* At issue on appeal was whether this second order awarding fees was final and appealable.

The Supreme Court concluded that the order was final and appealable because it was a final determination of the amount of compensation to which the personal representative was entitled. *Id.* The Court indicated that the first order had specifically indicated it was awarding a partial fee, indicating that it was subject to later revision or augmentation, but that the second order had not included any such language to indicate it was subject to later revision or augmentation. *Id.* Additionally, the application for fees that resulted in the second order was based on a request for a percentage of the estate, not hourly compensation which would change in the event of further work. *Id.*

In the present case, we have been presented with a very limited record. Walz did not request the preparation of any bill of exceptions to apprise us of the evidence or argument that was presented at any hearing in this case. We are thus left to review the transcript presented to us to determine whether it would support a conclusion that the June 2012 order awarding Walz guardian and attorney fees was a final determination of the amount of compensation to which Walz was entitled. We conclude that the record does not demonstrate such a conclusion.

The record presented in this appeal does not include a clear indication of when Walz was appointed to serve as the guardian and when he first began to earn any reasonable fee. The record does not include any order appointing Walz or any letters of appointment. The record does include a handwritten, pro se filing of Burke seeking the appointment of a guardian ad litem to dispute the fees that Walz sought in his May 2012 application, and that filing includes an assertion that Walz "was the guardian and conservator . . . from September of 2009 to Feb 27, 2012." Thus, the only indication in the record presented to us would suggest that Walz began his service in September 2009.

The application for annual accounting and fees filed by Walz in May 2012, which resulted in the June 2012 order, included an affidavit and an itemization of the services for which Walz sought fees. That affidavit and itemization reflects services performed by Walz between November 2010 and October 2011.

There is no indication in the record presented to us whether Walz performed any services between September 2009 and November 2010, whether he had sought approval of any fees for that time period, or whether any fees had been paid for that time period. Presumably Walz would have been entitled to reasonable compensation for services performed during that 14 month period, however. See Neb. Rev. Stat. § 30-2620.01 (Reissue 2008).

Walz' appointment as guardian and conservator was not terminated until February 27, 2012, when the court entered an order terminating his appointment, appointing a successor, and specifically indicating that Walz was not being discharged until a final accounting was approved.

There is no indication in the record presented to us whether Walz performed any services between November 2010 and February 2012, whether he subsequently sought approval of any fees for that time period, or whether any fees were paid for that time period. Again, presumably Walz would have been entitled to reasonable compensation for services performed during that period. See § 30-2620.01.

The record presented to us does not include any indication that Walz has ever sought to be discharged. The February 2012 order terminating his appointment and appointing a successor specifically indicated that he was not being discharged and that no final accounting had been filed. That order suggests that Walz had additional services to perform, including filing a final accounting.

The record presented to us does not indicate whether the May 2012 application for accounting filed by Walz was intended to be a final accounting related to his services. The application indicates that it is for an "annual" accounting and, as noted, referenced only his services for a portion of the period of time that he served as the guardian and conservator, not including the final several months before his appointment was terminated.

Without a bill of exceptions concerning any of the hearings held in this case, we are left only with what is apparent from the filings presented in the transcript. Those filings do not include any indication of whether Walz was entitled to compensation or had been compensated for portions of the time that he served as guardian and conservator and do not include any indication from which we could conclude that the June 2012 order was intended to be a final determination of all of the compensation to which Walz was entitled. Compare *In re Estate of Gsantner, supra*; *In re Guardianship of Forster, supra*.

As a result, we cannot conclude that the June 2012 order was a final and appealable order. The June 2012 order, then, did not become final and appealable until the court entered a final order discharging Walz from his duties or determining the final compensation to which Walz was entitled. See *In re Guardianship of Forster, supra*. The order was an interlocutory order that was subject to later revision or augmentation, and the Department could seek reconsideration of it. We find no merit to Walz' assertion that the county court was not entitled to reconsider the order upon the request of the Department.

## 2. FINALITY OF PRESENT ORDER

Having concluded that there is no merit to Walz' assertion on appeal that the county court erred in considering the Department's motion for reconsideration of the June 2012 order, we turn to Walz' assertion that the court erred in vacating the guardian and attorney fees awarded in June 2012. We conclude that the merits of the court's ruling is not properly before us because the present order is also not final and appealable.

Before reaching the legal issues presented for review, such as the merits of the court's ruling vacating the prior award of fees, it is our duty to determine whether we have jurisdiction. See *In re Guardianship of Forster, supra*. As noted above, for an order concerning fees in a guardianship and conservatorship to be final and appealable, the order must finally determine the reasonable compensation to which the guardian is entitled. See *In re Estate of Gsantner, supra*; *In re Guardianship of Forster, supra*.

In the order appealed from here, the county court held that Walz "may collect no more than [the 7.5% fee] and that the award of [additional guardian and attorney fees] is vacated and set aside." This language suggests that it is a final determination of Walz' entitlement to fees that he was requesting. This ruling, however, is a determination of the fees to which Walz is entitled *only* for the period of time set forth in his May 2012 application for annual accounting and fees. As noted above, the record presented to us still does not indicate whether Walz may be entitled to fees for the remaining periods of time during which he served as the guardian and conservator. The present order, being a reconsideration of the June 2012 order remains limited to being a ruling on the relief requested in the May 2012 application and necessarily does not suggest any determination of Walz' entitlement to fees for periods of time not included in that application. Because Walz has not presented us with a bill of exceptions concerning any hearings held in the county court, there is no other basis for us concluding that the order was intended to be a final determination of Walz' compensation for all of his services.

Because the present order, like the June 2012 order that was reconsidered and vacated by the present order, cannot be determined to be a final and appealable order based on the record presented by Walz in this appeal, we are without jurisdiction to consider whether the court's vacating of the fees was proper. As a result of our lack of jurisdiction, the appeal must be dismissed.

## V. CONCLUSION

Walz has presented this court with a very limited record to support his appeal. That limited record includes no bill of exceptions, and does not include a basis in the transcript for us to determine that the order being appealed from is a final and appealable order. As such, we are without jurisdiction and the appeal is dismissed.

APPEAL DISMISSED.